**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ZECHARIAH SINDT |
| |
| Plaintiff, |
| |
| v. |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, |
| Defendants. |

Civil Action No. 22-774 (CKK)

**MEMORANDUM OPINION**
(March 1, 2023)

In this visa case, Plaintiff Zechariah Sindt ("Plaintiff" or "Sindt") seeks declaratory and mandamus relief ordering officials of the United States Department of State ("State Department") and United States Citizen and Immigration Services ("USCIS") to more expeditiously process a Form I-130 immigrant visa for his spouse, Sophea Chhem ("Beneficiary"), pursuant to the Administrative Procedure Act's ("APA") bar on "unreasonabl[e] delay." 5 U.S.C. § 706(1). In addition to his APA claim, Plaintiff alleges a procedural due process claim, predicated on his right to fairness in administrative adjudication.

Because USCIS has reaffirmed and conveyed Plaintiff's visa application for processing to the State Department's National Visa Center ("NVC"), all claims as against the USCIS Defendants are moot. Because USCIS had yet to convey Plaintiff's application to NVC at the time Plaintiff commenced this action, he lacks standing to challenge any delay at NVC. Even were he to file a supplemental pleading to cure this jurisdictional defect, he nevertheless cannot state a claim upon which the Court may grant relief. Accordingly, and upon review of the pleadings,[1] the relevant

---

[1] The Court's consideration has focused on the following documents:
  • Plaintiff's Complaint ("Compl."), ECF No. 1;

legal authority, and the record as a whole, the Court shall **GRANT** Defendants' [7] Motion to Dismiss or for Summary Judgment.

## I.        BACKGROUND

The Court assumes the reader's familiarity with the process and statutory background for visa applications broadly.  The Court takes the following facts, to the extent they are plausible, as true for the purposes of resolving the pending Rule 12(b)(6) motion to dismiss.  *See Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).  Plaintiff Zechariah Sindt is a citizen of the United States.  Compl. at ¶ 1.  Plaintiff's spouse, Sophea Chhem, is a citizen and resident of the Kingdom of Cambodia.  *Id.* at ¶ 2.  On April 15, 2020, Plaintiff filed a Form I-130 visa petition on behalf of his spouse, paying all applicable visa and filing fees.  *Id.* at ¶¶ 16–17.  USCIS approved the Form I-130 petition on December 8, 2020, completing its portion of the processing of the visa petition.  *Id.* at ¶ 18.  The visa petition was then transferred to the State Department's National Visa Center ("NVC"), which completed its processing of the petition and sent it to the U.S. Embassy, Phnom Penh.  *Id.* at ¶¶ 19–20. A consular officer from the U.S. Embassy in Phnom Penh interviewed Chhem in June of 2021, rejecting the petition for lack of a *bona fide* marriage and returning it to USCIS in August of 2021, where the petition remained at the time Plaintiff commenced this action in March of 2022. *Id.* at ¶¶ 20–22. In April of 2022, USCIS issued a Notice of Intent to Revoke its previous approval of Plaintiff's petition, to which

---

- •      Defendants' Motion to Dismiss ("Mot."), ECF No. 7;
- •      Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opp."), ECF No. 8; and
- •      Defendants' Reply in Support of Defendants' Motion to Dismiss ("Reply"), ECF No. 10.

In an exercise of its discretion, the Court has concluded that oral argument would not be of assistance in resolving this matter.

Plaintiff responded in May of 2022 with additional information. Mot. Ex. 1–2. In June of 2022, USCIS reaffirmed its approval of the petition, once more sending it to NVC. Reply at 5.

## II.  LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Jurisdiction

On a Rule 12(b)(1) motion, the plaintiff "bears the burden of establishing jurisdiction by a preponderance of the evidence." *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 91–92 (D.D.C. 2020); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  In determining whether there is jurisdiction, the court may "'consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Coal. For Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). Courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007).

However, "the factual allegations in the complaint will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001).  A court need not accept as true "'a legal conclusion couched as a factual allegation'" or an inference "'unsupported by the facts set out in the complaint.'" *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**B. Motion to Dismiss for Failure to State a Claim**

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006).

When considering a Rule 12(b)(6) motion, courts may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted) (quoting *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002); *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009)). The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

## III.   DISCUSSION

### A. Mootness

Defendants first move to dismiss the complaint as against the USCIS Defendants on mootness grounds.  *See* Mot. at 3–5; Reply at 2–3.  Defendants argue that because Plaintiff's visa application is currently with NVC for review, there is no relief the Court could grant against USCIS.   *See* Mot. at 3. That is, USCIS has completed their review of Plaintiff's petition, reaffirming their initial approval of Plaintiff's petition, and is no longer involved in any manner with the processing of the visa.  Article III requires that Plaintiff demonstrate, among other things, that his injury actually be redressable by a ruling in his favor.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 568 (1992).  "Where an agency has accorded all relief it can in a visa case, claims against that agency are moot." *Haider v. United States Dep't of Homeland Sec.*, Civ. A. No. 20-3808, 2021 WL 5630794, at *2 (D.D.C. Dec. 1, 2021) (CKK); *accord Jafarzadeh v. Duke*, 270 F. Supp. 3d 296, 303 (D.D.C. 2017) (JDB).  Here, because USCIS has approved Plaintiff's petition and sent it to the National Visa Center for review, the agency cannot grant any further relief.  Accordingly, the Court shall dismiss Plaintiff's complaint as against USCIS and Ur Jaddou, in her official capacity as Director of United States Citizenship and Immigration Services.

### B. Ripeness

Defendants next move to dismiss the complaint as against the State Department on constitutional ripeness grounds. *See* Mot. at 3–5; Reply at 2, 5–6. Defendants rightly note that, at the time Plaintiff commenced this action, his application was pending with USCIS, not NVC. Constitutional ripeness is indeed assessed at the outset of the litigation. *See Jafarzadeh*, 270 F. Supp. 3d at 303 ("The twin doctrines of mootness and ripeness can be described as 'standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation

(standing) must continue throughout its existence (mootness).'" (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997))).[2]

When Plaintiff filed this suit, then, his claim of injury as against the State Department needed to have been actual and imminent, not conjectural or speculative. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983). But at the time Plaintiff commenced this action, the State Department had already rejected Plaintiff's petition and returned it USCIS, where it awaited further review. Compl. at ¶¶ 20–22. In order for the State Department to have had any further involvement in the review of Plaintiff's petition, USCIS needed to reapprove the petition and send it back to the State Department for further processing.[3]  Therefore, any future action by the State Department regarding this petition depended first upon USCIS exercising its discretion in reapproving the petition—without such a reapproval, and until such a reapproval, the State Department's involvement with the petition was hypothetical.  Therefore, it appears that Plaintiff did not have standing to challenge delay at NVC at the time of his complaint.

The usual method of addressing this issue, however, is for a plaintiff to move for leave to file a supplemental pleading "pursuant to Federal Rule of Civil Procedure 15(d) that properly alleges this Court's jurisdiction, in order to cure the jurisdictional defect."  *Landmark Health Solutions, LLC v. Not for Profit Hosp. Corp.*, 950 F. Supp. 2d 130, 135 (D.D.C. 2013).  As the

---

[2] *See also Nepal v. United States Dep't of State*, 602 F. Supp. 3d 115, 123 (D.D.C. 2022) (TNF) ("Standing 'assesses whether that interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings'" (quoting *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021))); *Gjoci v. Dep't of State*, Civ. A. No. 210294 (RCL), 2021 WL 3912143, at *8, *11 (D.D.C. Sept. 9, 2021) (RCL) ("The first relevant doctrine is "standing," which defines the sort of interest a litigant must possess to invoke federal jurisdiction at the suit's outset . . . The Court ordinarily assesses standing from the time that the operative complaint was filed").
[3] *See* U.S. State Dep't, "Immigrant Visa Process Step 1: Submit a Petition," available at https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-1-submit-a-petition.html (last accessed February 22, 2023).

Court explains next, such a supplemental pleading would be futile, because Plaintiff's current complaint fails to state a claim upon which the Court may grant relief.

### C. *TRAC* Factors

On the merits, Plaintiff insists that the State Department Defendants have not adjudicated his application "within a reasonable time" as required by the Administrative Procedure Act, 5 U.S.C. § 555(b), and that the Court must "compel [that] agency action [as] unlawfully withheld or unreasonably delayed." *Id.* § 706(1). In this regard, Plaintiff also appears to press a claim under the Mandamus Act, 28 U.S.C. § 1361, which is subject to the same standard applied to claims under § 706(1) of the APA. *Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017).

Although a court may order an agency "to perform a [mandatory] act, [i.e.,] to take action upon a matter," a court may not decide "*how* [the agency] shall act." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004). Here, there is no real allegation that Defendants have simply refused to act entirely. Rather, Plaintiff insists that Defendants have "failed to adhere to their legal duty to avoid unreasonable delays." Compl. ¶ 31.

To determine whether Plaintiff has sufficiently alleged that agency action has been "unreasonably delayed," the Court applies the familiar "*TRAC*" factors laid out in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984):

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80) (internal quotation marks omitted).

Whether delay is "unreasonable" depends in part upon "the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). Moreover, the D.C. Circuit has noted the "importance of competing priorities in assessing the reasonableness of an administrative delay." *Id.* (internal citations and quotation marks omitted). Critically here, the Court is bound by clear Circuit precedent that it may not grant relief where an "order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain." *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991).

### 1. *TRAC* Factors One & Two

The D.C. Circuit has explained that the first TRAC factor—the time agencies take to make decisions must be governed by a "rule of reason"—is the "most important," although it is generally reviewed with the second TRAC factor as well. *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The inquiry centers on "whether the agency's response time . . . is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Interest v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014). Because Congress has provided no statutory timeframe indicating how quickly it requires the State Department to process visa applications, *TRAC* factor two is inapplicable.

In general, courts in this jurisdiction have regularly found that the Government applies a "rule of reason" to the review of visa petitions by adjudicating applications in the order they were filed. *See, e.g.*, *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 50 (D.D.C. 2021); *Muvvala v. Wolf*, No. 20-cv-02423, 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020) ("Other federal courts have held

that this first-in, first-out method of adjudication constitutes a 'rule of reason' and satisfies the first TRAC factor.").  Simply put, the inquiry begins and ends with Defendants' consistent application of the "first-in, first-out" methodology.

That said, courts of this jurisdiction often look the length of delay as a rough yardstick to determine whether that rule is, in fact, being applied.  In this regard, courts in this Circuit have routinely held that delays somewhat shorter than Plaintiff's are not unreasonable.  *See, e.g.*, *Ghadami v. United States Dep't of Homeland Sec.*, No. CV 19-00397, 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) (ABJ) ("[M]any courts evaluating similar delays [i.e., 25 months] have declined to find a two-year period to be unreasonable as a matter of law."); *Bagherian*, 442 F. Supp. 3d at 95 ("[T]he twenty-five-month delay at issue here is not unreasonable as a matter of law, given the circumstances."); *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153-54 (D.D.C. 2017) (RJL) (two-year delay "does not typically require judicial intervention").  Some courts have held that delays of even three or more years may be reasonable.  *See, e.g.*, *Fangfang v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020); *Yavari v. Pompeo*, No. 2:19-cv-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable.").

Plaintiff's reliance on cases outside of this jurisdiction in which courts have granted relief on shorter periods of delay misses the point entirely.  First of all, the question is not whether a length of time is "unfair" in some loose, equitable sense, but rather whether the delay is caused by a "rule of reason" and the resources available to the agency.  *Norton*, 336 F.3d at 1102.  Moreover, even if there has been some breakdown in that system, a court *cannot* reorder the queue absent truly exceptional circumstances.  *See In re Barr Labs., Inc.*, 930 F.2d at 75.  There has been no

breakdown here; Defendants simply continue to face "an extraordinary backlog of visas across the world" arising from the shutdown in global services during the height of the COVID-19 pandemic. *See Tate v. Pompeo*, 513 F. Supp. 3d 132, 150 (D.D.C. 2021) (BAH).  Although it is unfortunate that this backlog has coincided with Plaintiff's application, there is nothing about those circumstances, even as merely pled, that permit judicial intervention.

### 2. TRAC Factor Four

Next, the Court finds that the fourth *TRAC* factor—"the effect of expediting delayed action on agency activities of a higher or competing priority"—weighs against Plaintiff. *TRAC*, 750 F.2d at 80.  Reordering the queue does just that.  *Desai v. USCIS*, No. 20-1005, 2021 WL 1110737, at *7 (D.D.C. Mar. 22, 2021) (CKK); *see also, e.g.*, *Palakuru*, 521 F. Supp. 3d at 53 ("Granting [Plaintiff] relief here would advance his petition in front of others similarly situated—with respect to the availability of visas and investment in a regional center—who filed their petitions earlier.").

### 3. *TRAC* Factors Three & Five

The third and fifth factors are often considered together, and require the Court to consider Plaintiff's interests, health, and welfare.  *Ghadami*, 2020 WL 1308376, at *9.  In general, concerns about separation from family or an inability to supervise an economic investment are insufficient to weigh in favor of the plaintiff.  *See, e.g.*, *Desai*, 2021 WL 110737 at *7 (economic interests); *Thakker v. Renaud*, No. 20-1133 (CKK), 2021 WL 1092269, at *7–8 (D.D.C. Mar. 21, 2021) (family separation); *Palakuru*, 521 F. Supp. 3d at 53 (same).  Plaintiff's desire to be united with his spouse and start a family, Compl. ¶ 37, ECF No. 1, is among those interests that do not warrant relief.  The Court notes again that, in light of the current backlog, tens of thousands of families around the world are currently suffering the exact same injury, many of whom are without the resources to attempt to skip the line.

10

4. *TRAC* Factor Six

The sixth *TRAC* factor notes that the "Court need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed." *Ghadami v. U.S. Dep't of Homeland Sec.*, Civ. A. No. 19-0397 (AJB) 2020 WL 1308376, at *9 (D.D.C. Mar. 10, 2020). Plaintiff concedes that there has been no bad faith. Opp. at 13.

Because Plaintiff's APA claim fails, his mandamus action alleging unreasonable delay necessarily fails as well. *See Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020) ("Because Plaintiffs' APA claim fails, mandamus is not available.").

**D.  Due Process**

Finally, Plaintiff contends on the merits that the State Department Defendants' delay in processing his Form I-130 visa on behalf of his wife violates his right "to fundamental fairness in administrative adjudication" as "protected by the Due Process Clause of the Fifth Amendment to the United States Constitution." Compl. at ¶ 35. Although not explicitly stated, Plaintiff appears to make a procedural due process argument. Plaintiff's argument seems to be that Defendants have violated his due process rights by not affording him constitutionally adequate procedures in the visa application process, presumably due to the processing delay. Plaintiff's due process argument lacks merit and the Court will accordingly dismiss it.

To succeed on a procedural due process claim, "'a plaintiff must show that there was a liberty or property interest at stake'" first. *Mahmood v. DHS*, 2021 WL 5998385, at *9 (D.D.C. Dec. 20, 2021) (quoting *Smirnov v. Clinton*, 806 F. Supp. 2d 1, 12 (D.D.C. 2011)). If so, then the constitution requires, and only requires, "a meaningful opportunity to present" a case. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *see also Mahmood*, 2021 WL 5998385, at *9. Plaintiff did not allege a liberty interest as part of his due process claim in his complaint, *see*

11

Compl. at ¶¶ 34–37, and because courts have determined that "there is no property right in an immigrant visa", *Smirnov*, 806 F. Supp. 2d at 12 (citing *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950)), Plaintiff has further failed to show that there is a property interest at stake. Finally, because there is a process governed by a rule of reason whereby applicants may petition the federal government for a visa, there can be no procedural due process violation here. *See Smirnov*, 806 F. Supp. 2d at 12. Accordingly, Plaintiff's Fifth Amendment claims fail as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Defendants' [7] Motion to Dismiss or for Summary Judgment and **DISMISS** Plaintiff's [1] Complaint. An appropriate order accompanies this Memorandum Opinion.

Date: March 1, 2023

_  /s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge